# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:04CR595-6** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Judge John M. Manos** |
| | ) | |
| **ANDRES HATZILOULOUDES,** | ) | |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OF OPINION** |

On May 2, 2005, Andres Hatziloulondes, Defendant, and the United States filed a Joint Motion to Re-Admit to Bond and Allow Pretrial Release. (Docket No. 253.) The Court finds that because the United States does not dispute any of the new factual allegations raised by the Defendant, an evidentiary hearing is unnecessary. For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

On December 8, 2004, a multi-count indictment was filed charging the Defendant with one (1) count of conspiring to distribute and possess with intent to distribute a Schedule 1 controlled substance in violation of Title 21 of the United States Code, Sections 841 and 846. (Docket No. 1.) On January 28, 2005, the Government moved for revocation of bond previously set in the Southern District of Florida on the ground that the Defendant was arrested for dealing in stolen property, conspiracy to deal in stolen property, and grand theft in the first degree. (Docket No. 121.) On the same day, the Court granted the motion. (Docket No. 122.)

On February 3, 2005, the Defendant was arraigned and remanded to the custody of the Bureau of Prisons pursuant to this Court's order revoking bond. (Docket No. 131.)

On March 2, 2005, the Defendant moved for readmittance of bond and allow pretrial release. (Docket No. 177.) On March 7, 2005, the Government filed a brief in opposition. (Docket No. 190.) On March 10, 2005, the Court held a pretrial conference and the parties expressed their intent to negotiate some acceptable conditions of release. On May 2, 2005, the parties filed a joint motion for readmittance of bond and allow pretrial release. (Docket No. 253.) The parties argue that there are conditions of bond that would reasonably assure the Defendant's appearance. Moreover, they argue that certain changed circumstances justify pretrial release, namely, that (1) the State of Florida has issued a bond on the aforementioned state case apparently having been convinced that the Defendant is not a risk of flight nor a danger to the community, and (2) Defendant's fiancé, with whom he shares a one-year old child, is about to give birth to their second child in what has been deemed a "high risk" pregnancy. The child is expected to have extensive medical problems.

## II.  LAW AND ANALYSIS

A Court shall order detention if it finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(e). Either risk of flight or danger can be the basis for detention. United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). The Government must prove risk of danger by clear and convincing evidence, and risk of flight by preponderance of the evidence. United States v. Chimurenga, 760 F.2d 400, 405 (2d. Cir. 1985).

When making a determination on detention, the Court considers (1) the nature of the offense, including whether it involves a narcotic drug, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to the community. 18

U.S.C. § 3142(g). The third factor includes whether the current offense was committed while the defendant was on probation or parole. 18 U.S.C. § 3142(g)(3)(B). The rules of evidence for trial do not apply when considering detention. 18 U.S.C. § 3142(f).

The parties agree, as does the Court, that significant changed circumstances have occurred to justify pretrial release. In issuing a bond in the state case, the State of Florida is apparently convinced that the Defendant does not pose a risk of flight, nor is a danger to the community. Additionally, the parties bring to the Court's attention the family situation involving the Defendant's fiancé. The Court also notes that (1) the Defendant is not charged with a crime of violence, (2) the Defendant has significant ties to the Southern District of Florida, and (3) the Defendant has not been convicted of any prior felonies. Thus, the Court is convinced that conditions of release can be imposed that will assure the Defendant's appearance.

### III. CONDITIONS OF RELEASE

The Court orders the following conditions of release:

1. The Defendant is to be placed on electronic home monitoring.

2. The Defendant will reside at 4090 Bear lake Ct. Suite #204, West Palm Beach Florida, 33409.

3. The Defendant will provide the pretrial services office access to any requested financial information.

4. The Defendant will not incur new significant credit charges or open additional lines of credit without the approval of his pretrial services officer.

5. The Defendant will refrain from the use of any controlled substance and will submit to random drug testing.

6. The Defendant will forfeit any passport.

7. The Defendant's travel will be restricted to the Southern District of Florida and the Northern District of Ohio for court appearances.

8. The Defendant will only leave his residence for counsel visits and education, work-related, medical, and religious reasons, all the while maintaining electronic home monitoring.

9. The Defendant will immediately notify pretrial services of any law violation should one occur.

10. The Defendant will appear promptly for all court appearances.

11. The Defendant will forfeit possession of any firearm and refrain from the use of firearms.

12. The Defendant will abide by every other term and condition imposed by pretrial services.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Re-Admit to Bond and Allow Pretrial Release (Docket No. 253) is **GRANTED**. The Defendant shall be released on a $25,000 corporate surety bond and a $50,000 personal surety bond.

**IT IS SO ORDERED**

**Date: May 4, 2005**     */s/ John M. Manos*
                          **UNITED STATES DISTRICT JUDGE**